The **AETNA FREIGHT LINES, INC., and Victory Freight Lines, Inc.,** Plaintiffs,

v.

**UNITED STATES of America, and Interstate Commerce Commission,** Defendants,

Deaton, Inc., Intervenor.

**Civ. A. No. C 74-90 Y.**

United States District Court,
N. D. Ohio, E. D.

Aug. 14, 1974.

Charles A. Young, Warren, Ohio, Frank D. Hall, Atlanta, Ga., for plaintiffs.

John H. D. Wigger, Dept. of Justice, Hugh W. Cuthbertson, I.C.C., Washington, D. C., Kenneth A. Kraus, Ned L. Mann, Cleveland, Ohio, Leo C. Franey, Washington, D. C., for defendants.

Before CELEBREZZE, Circuit Judge and THOMAS, and CONTIE, District Judges.

## ORDER

PER CURIAM.

The above captioned cause of action was brought by Aetna Freight Lines, Inc. and Victory Freight Lines, Inc., plaintiffs vs. United States of America and the Interstate Commerce Commission, defendants. Deaton, Inc. moved this Court to intervene as a party defendant and said motion was granted.

On April 17, 1974, the Honorable Harry Phillips, Chief Judge, United States Court of Appeals for the Sixth Circuit, designated a three judge panel to hear the instant action.

The above cause came on for a hearing on Friday, August 2, 1974, at 1:00 o'clock p. m. Plaintiffs seek to suspend, enjoin, annul and set aside a decision and order of the Interstate Commerce Commission which requires plaintiffs, The Aetna Freight Lines, Inc. and Victory Freight Lines, Inc., to cease and desist from engaging in what the Commission determined to be unauthorized and hence unlawful motor carrier operations in violation of Section 206(a) of the Interstate Commerce Act, Title 49 U.S.C. § 306(a).

The Commission's Decision and Order was entered in its docket No. MC–C7407, The Aetna Freight Lines, Inc. and Victory Freight Lines, Inc. – Investigation and Revocation of Certificates.

The basic issue in this case centers around the term "originate" as that term is used in the certificate issued by the ICC to Aetna Freight. The term appears as follows:

RESTRICTION: The operations authorized above are restricted against

the transportation of (1) iron and steel and iron and steel articles which *originate* at Anniston, Birmingham, Decatur, Gadsden and Tuscaloosa, Ala., or points within 10 miles thereof * * * (Emphasis added.)

It is the contention of plaintiffs that said term is ambiguous and that the Administrative Law Judge and the ICC, and also this court, should in fact be permitted to look behind the language of the "restriction" in the certificate to decipher the meaning of said term. Defendants have asserted that the term "originate" is clear and plain on its face.

Upon consideration of the briefs and arguments presented to the court, it is the opinion of this court that the term "originate" is plain and clear on its face and not ambiguous. It is concluded and determined that the term means "traffic which begins its journey at the indicated" point in the certificate. *See* Michigan Express, Inc. v. Purchase-Williams, 57 MCC 267. Accordingly, there was no duty on the Administrative Law Judge to examine the underlying records in Ray Carter, Inc. v. Extension-Heavy Commodities, 102 M.C.C. 217, and The Aetna Freight Lines, Inc. to see whether the underlying records in those proceedings would cast a different meaning on the unambiguous term "originate" that appears in the "restriction" of the subject affidavit. The Administrative Law Judge's limited examination of the *Carter* record, though not required, disclosed no basis to support any different interpretation than he gave the term "originate". Hence his conclusion on this point is supported by substantial evidence and it is not contrary to law.

Having thus decided that the language of the certificate is clear on its face and not ambiguous, the Court is of the opinion that its scope of review is therefore limited.

In the case of T. I. McCormack Trucking Co., Inc. v. United States of America and the Interstate Commerce Commission, 251 F.Supp. 526. (D.C.D.N.J.1966) the District Court therein stated:

"In Andrew G. Nelson v. United States, the Supreme Court concurred in the Commission's refusal to look behind the certificates since it was not patently ambiguous. The Court then added by way of dictum that 'Even if such reference is made . . ., however . . . (t)hat background in nowise supports appellant's (the carrier) position.' 78 S.Ct. at 499."

This Court, upon review of the certificate in question, likewise finds that said certificate is not patently ambiguous. Therefore, this Court finds that the Commission's refusal to look behind said certificate was proper.

See also Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484; Sims Motor Transport Lines, Inc. v. United States, 183 F. Supp. 113 (N.D.Ill.1950), affd., 362 U. S. 637, 80 S.Ct. 1076, 4 L.Ed.2d 1019; Denver Chicago Transport Co. v. United States, 183 F.Supp. 785 (D.Colo.1960), affd., 364 U.S. 627, 81 S.Ct. 356, 5 L. Ed.2d 363.

This Court has carefully reviewed the file in the instant action and can only conclude that there is substantial evidence as a whole to sustain the findings of the Commission. Therefore, this Court determines that the findings of the Administrative Law Judge as affirmed by the Interstate Commerce Commission are not clearly erroneous or arbitrary, but are substantiated by the evidence, and therefore

It is ordered that the decision of the Interstate Commerce Commission is hereby affirmed.